# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **CAPITAL CONSERVATION GROUP, INC.**, a North Carolina Corporation, ) ) ) **Plaintiff,** ) ) v. ) ) **LIFEPOINT CSGP, LLC**, a Delaware Limited Liability Company, ) ) ) **Defendant.** ) | No. 3:10-cv-0192<br>Judge Nixon/Bryant |

## AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that certain documents and information requested by the parties in discovery in this action may contain confidential, competitively sensitive, trade secret, private or other proprietary information which must be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions and restrictions:

1. Documents and written information produced by any party or nonparty in the course of discovery in this action that are confidential in nature may be designated as such by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose, and each page that is to be protected shall be separately marked "CONFIDENTIAL." Duplicate copies of pages marked "CONFIDENTIAL" shall also be deemed "CONFIDENTIAL." A party who fails to mark material as "CONFIDENTIAL" at the time of production may do so by designating it "CONFIDENTIAL" and providing counsel with a substitute copy bearing the appropriate legend, within the longer of (a) ten (10) calendar days

of the initial production, or (b) if the failure to mark the material as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the material before receipt of the substitute copy of the material shall not be considered a violation of this Order.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within the later of seven (7) calendar days of receipt of the transcript of the deposition or within seven (7) calendar days of the entry of this Protective Order by the Court.

3. Except as otherwise provided herein, documents, depositions, transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than: (a) the parties herein; (b) their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action; (c) persons employed by or assisting counsel in preparation for, or at, the trial of this action, including experts with which counsel may consult; (d) persons who are indicated, from the face of the document or through other evidence, to have authored, created, or received the designated document or information; (e) document handling and reproduction firms engaged in relation to this action; (f) the Court and its employees; (g) court reporters engaged in relation to this action; and (h) any other person as expressly authorized in writing or on record at a deposition by the producing party or non-party. All such material and information shall be used solely for the prosecution or defense of this action. Experts and consultants must execute the Consent to Protective Order attached hereto prior to receipt of CONFIDENTIAL materials.

4. In the event that counsel for any party determines that the defense or prosecution of this action requires that material which has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than seven (7) calendar days prior to the intended disclosure. If within seven (7) calendar days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the CONFIDENTIAL material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the disclosure of the designated information to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such disclosure is to be made must execute the Consent to Protective Order attached hereto.

5. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

6. In the event a deponent in this action may receive CONFIDENTIAL materials hereunder only after execution of the Consent to Protective Order but refuses to execute the consent form, the record shall reflect the deponent's refusal to execute the consent form and the

deponent shall be advised, on the deposition record, as to the binding effect of this Protective Order on the deponent, regardless of the deponent's execution of the Consent to Protective Order. Thereafter, the deponent shall be allowed to view the CONFIDENTIAL materials at and for the purposes of the deposition and shall be bound to the terms of this Protective Order.

7. Unless counsel for all parties agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Protective Order which are presented to the Court shall be sealed, and marked with the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER; NOT TO BE OPENED EXCEPT BY COURT AUTHORITY OR BY AGREEMENT OF ALL COUNSEL," and filed with the Clerk of the Court.

8. This Order shall not prevent any party or non-party from using or disclosing its own confidential or proprietary information in any manner and for any purpose.

9. For purposes of the use at trial of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial, nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality or admissibility of such material.

10. Upon final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become

part of the record of this action, shall be returned within sixty (60) calendar days to the person producing the material or destroyed. Should counsel elect to comply with this paragraph by destroying such material, such counsel shall provide a letter to opposing counsel certifying that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such CONFIDENTIAL material by third parties. Notwithstanding the foregoing, counsel for each party may retain an archival copy of any court filings, deposition exhibits, and/or hearing or trial exhibits that contain CONFIDENTIAL materials.

11. Any person entitled to designate documents or information as "CONFIDENTIAL" who reasonably and in good faith believes that such documents or information satisfies the criteria for "CONFIDENTIAL" information, but also reasonably and in good faith believes that such documents or information constitute a trade secret or other highly confidential and competitively sensitive research, development, proprietary or commercial information, may designate such information as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Protective Order.

12. Documents and information designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be subject to all of the provisions of this Protective Order that apply to "CONFIDENTIAL" documents and information, except that "CONFIDENTIAL-ATTORNEY'S EYES ONLY" documents and information shall not be disclosed to any persons other than: (a) the parties' outside legal counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action; (b) one (1) in-house legal counsel for each party, who must execute the Consent to Protective Order attached hereto prior to receipt of any CONFIDENTIAL-ATTORNEY'S EYES ONLY materials; (c) experts or consultants employed by or assisting counsel in preparation for, or at, the trial of this action, who must execute the Consent to Protective Order attached hereto

prior to receipt of any CONFIDENTIAL-ATTORNEY'S EYES ONLY materials; (d) persons who are indicated, from the face of the document or through other evidence, to have authored, created, or received the designated document or information; (e) document handling and reproduction firms engaged in relation to this action; (f) the Court and its employees; (g) court reporters engaged in relation to this action; and (h) any other person as expressly authorized in writing or on record at a deposition by the producing party or non-party.

13. Pending entry by the Court, this Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by counsel.

**ENTERED** this the 18th day of June, 2010.

*s/ John S. Bryant*
JOHN S. BRYANT
U.S. Magistrate Judge

Agreed to and Submitted for Approval By:


/s/ Matthew E. Wright (with permission)
Matthew E. Wright (No. 22596)
Craft & Sheppard, PLC
1604 Westgate Circle, Suite 1
Brentwood, Tennessee 37027
(615) 309-1707

*Attorneys for Plaintiff*


/s/ Emily R. Walsh
Robert S. Patterson (No. 6189)
Emily R. Walsh (No. 24775)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 1600
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2335

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CAPITAL CONSERVATION GROUP, INC., a North Carolina Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:10-cv-0192 ) ) |
| LIFEPOINT CSGP, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| Defendant. | ) |

## CONSENT TO PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order entered by the Court in this action on _____, 2010, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Protective Order. The undersigned specifically acknowledges and agrees that he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY in this action, from exploiting in any way such CONFIDENTIAL/CONFIDENTIAL-ATTORNEY'S EYES ONLY materials for his/her own benefit, or from using such CONFIDENTIAL/CONFIDENTIAL-ATTORNEY'S EYES ONLY materials for any purpose or in any manner not connected with the prosecution or defense of this action. The terms of the Protective Order are incorporated herein by reference.

Dated:_____          _____

Sworn to and subscribed before me this ___ day of _____, 2010.

_____
Notary Public
My Commission Expires:_____